# EXHIBIT A

**Supreme Court of Pennsylvania**
**Court of Common Pleas**
**Civil Cover Sheet**
**CHESTER County**

For Prothonotary Use Only
Docket No: 2021-04273-MJ



The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

| Commencement of Action | |
|---|---|
| ✔ Complaint    ___ Writ of Summons    ___ Petition | |
| ___ Transfer from Another Jurisdiction    ___ Declaration of Taking | |
| Lead Plaintiff's Name: **DAMON MASSADO** | Lead Defendant's Name: **NATIONWIDE CREDIT INC.** |
| Are money damages requested? ✔ Yes ___ No | Dollar Amount Requested:  ✔ Within arbitration limits   ___ outside arbitration limits (check one) |
| Is this a Class Action Suit? ___ Yes ✔ No | Is this an MDJ Appeal? ___ Yes ✔ No |
| Name of Plaintiff/Appellant's Attorney: fred e davis, iv | |
| ___ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant) | |

**Nature of the Case:** Place "X" to the left of the ONE case category that most accurately describes your PRIMARY CASE. If you are making more than one type of claim, check the one that you consider most important.

| TORT (do not include Mass Tort) | CONTRACT (do not include Judgments) | CIVIL APPEALS |
|---|---|---|
| ___ Intentional | ___ Buyer Plaintiff | Administrative Agencies |
| ___ Malicious Prosecution | ___ Debt Collection: Credit Card | ___ Board of Assessment |
| ___ Motor Vehicle | ___ Debt Collection: Other | ___ Board of Elections |
| ___ Nuisance | ___ Employment Dispute: Discrimination | ___ Dept. of Transportation |
| ___ Premises Liability | ___ Employment Dispute: Other | ___ Statutory Appeal: Other |
| ___ Product Liability (does not include mass tort) | ___ Other | ___ Zoning Board |
| ___ Slander/Libel/Defamation | | ___ Other: |
| ___ Other: | | |

| MASS TORT | REAL PROPERTY | MISCELLANEOUS |
|---|---|---|
| ___ Asbestos | ___ Ejectment | ___ Common Law/Statutory Arbitration |
| ___ Tobacco | ___ Eminent Domain/Condemnation | ___ Declaratory Judgement |
| ___ Toxic Tort - DES | ___ Ground Rent | ___ Mandamus |
| ___ Toxic Tort - Implant | ___ Landlord/Tenant Dispute | ___ Non-Domestic Relations |
| ___ Toxic Waste | ___ Mortgage Foreclosure: Residential | ___ Restraining Order |
| ___ Other: | ___ Mortgage Foreclosure: Commercial | ___ Quo Warranto |
| | ___ Partition | ___ Replevin |
| PROFESSIONAL LIABILITY | ___ Quiet Title | ✔ Other: |
| ___ Dental | ___ Other: | |
| ___ Legal | | |
| ___ Medical | | |
| ___ Other Professional | | |

2021-04273-MJ

# Chester County
# Court of Common Pleas
# Cover Sheet

Docket No: **2021-04273-MJ**

| | |
|---|---|
| **Plaintiff(s): (Name, Address)**<br>**DAMON MASSADO**<br>2610 EAST VENANGO STREET   PHILADEPHIA, PA   19134 | **Plaintiff's/Appellant's Attorney (circle one)**<br>(Name, firm, address, telephone and attorney ID#)<br>**fred e davis, lv**<br>(855) 432-8475 davis consumer law firm attorney ID#: 093907<br>2300 Computer Rd Suite G39 Willow Grove, PA 19090 |
| **Defendant(s): (Name, Address)**<br>**NATIONWIDE CREDIT INC.**<br>1000 ABERNATHY RD. SUITE 200   ATLANTA, GA   30328 | Are there any related cases? Please provide case nos. |

Defendants who are proceeding without counsel are strongly urged to file with the Prothonotary a written statement of an address AND a telephone number at which they can be reached

Commencement of Action (if applicable):  __ Agreement for an Amicable Action   __ Motion to Confirm Arbitration Award
Notice of Appeal

If this is an appeal from a Magisterial District Judgement, was appellant   __ Plaintiff or   __ Defendant in the original action?

Jury Trial Demanded  ✔ Yes    __ No

Nature of case if not on previous cover sheet - Please choose the most applicable

| | |
|---|---|
| __ Annulment | __ Writ of Certiorari |
| __ Custody - Conciliation Required | __ Injunctive Relief |
| __ Custody - Foreign Order | __ Mechanics Lien Claim |
| __ Custody - No Conciliation Required | __ Issuance of Foreign Subpoena |
| __ Divorce - Ancillary Relief Request | __ Name Change |
| __ Divorce - No Ancillary Relief Requested | __ Petition for Structured Settlement |
| __ Foreign Divorce | |
| __ Foreign Protection from Abuse | |
| __ Paternity | |
| __ Protection from Abuse | |
| __ Standby Guardianship | |

**Arbitration Cases Only**

Arbitration Date: 2021-12-17
Arbitration Time: 09:00:00

Defendants are cautioned that the scheduling of an arbitration date does not alter the duty of the defendant to respond to the complaint and does not prevent summary disposition form occurring prior to the arbitration date.

This matter will be heard by a Board of Arbitrators at the time and date specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a decision entered by a judge.

**Notice of Trial Listing Date**
Pursuant to C.C.R.C.P. 249.3, if this case is not subject to compulsory arbitration it will be presumed ready for trial twelve (12) months from the date of the initiation of the suit and will be placed on the trial list one (1) year from the date the suit was filled unless otherwise ordered by the Court.

To obtain relief from automatic trial listing a party must proceed pursuant to C.C.R.C.P. 249.3(b), request an administrative conference and obtain a court order deferring the placement of the case on the trial list until a later date.

File with: Chester County Justice Center, Prothonotary Office, 201 W. Market St., Ste. 1425, PO Box 2746, West Chester, PA 19380-0989

*2021-04273-MJ*

| | |
|---|---|
| Fred Davis, Esq.<br>Identification No. 93907<br>DAVIS CONSUMER LAW FIRM<br>2300 Computer Rd.-Ste G39<br>WILLOW GROVE, PA 19090<br>(T)1-855-432-8475/(F)1-855-435-9294<br>fdavis@usacreditlawyer.com | ATTORNEY FOR PLAINTIFF<br><br>THIS IS AN ARBITRATION MATTER<br>ASSESSMENT OF DAMAGES<br>HEARING IS REQUESTED. |
| DAMON MASSADO<br>2610 E. Venanago St.<br>PHILADELPHIA, PA<br>19134<br><br>*Plaintiff*<br><br>v.<br><br>NATIONWIDE CREDIT INC.<br>1000 Abernathy Rd.-Suite 200<br>ATLANTA, GA<br>30328<br><br>*Defendant* | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br><br><br>CIVIL ACTION<br><br><br><br><br>DOCKET NO.: |

*Filed and Attested by PROTHONOTARY 14 Jun 2021 04:25 PM V. GLENN SASSO*

## NOTICE TO DEFEND
### CODE: 1900

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**CHESTER COUNTY BAR ASSOCIATION-LAWYER REFERRAL& INFO SERVICE**
Chester Bar Association
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

### SERVICIO DE REFERENCIA LEGAL
Colegio de Abogados de Chester
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

### SERVICIO DE REFERENCIA LEGAL
Colegio de Abogados de Chester
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889

Fred Davis, Esq.  
Identification No. 93907  
DAVIS CONSUMER LAW FIRM  
2300 Computer Rd.-Ste G39  
WILLOW GROVE, PA  19090  
(T)1-855-432-8475/(F)1-855-435-9294  
fdavis@usacreditlawyer.com  

ATTORNEY FOR PLAINTIFF

THIS IS AN ARBITRATION MATTER  
ASSESSMENT OF DAMAGES  
HEARING IS REQUESTED.

Filed and Attested by
PROTHONOTARY
14 Jun 2021 04:29 PM
W. GIZA SISSON

| | |
|---|---|
| DAMON MASSADO<br>2610 E. Venanago St.<br>PHILADELPHIA, PA<br>19134<br><br>*Plaintiff*<br><br>v.<br><br>NATIONWIDE CREDIT INC.<br>1000 Abernathy Rd.-Suite 200<br>ATLANTA, GA<br>30328<br><br>*Defendant* | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br><br>CIVIL ACTION<br><br><br><br>DOCKET NO.: |

## COMPLAINT

1. Plaintiff, DAMON MASSADO, is an adult individual citizen and legal resident of the State of Pennsylvania, living at 2610 E. Venanago St., Philadelphia, PA, 19134.

2. Defendant, NATIONWIDE CREDIT INC., is a business corporation qualified to and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal residence and principal place of business at 1000 Abernathy Rd.-Suite 200, ATLANTA, GA 30328. Defendant can be served at that address.

3. Plaintiff avers that at all times material hereto, Defendant acted by and through its authorized agents, servants, officers, and/or employees, including Defendant, all of whom were acting within the scope of their employment.

## JURISDICTION AND VENUE

4.   Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction".

5.   Defendant regularly conducts business in the State of Pennsylvania and in the County of Chester, therefore, personal jurisdiction is established.

6.   Venue is proper in Chester County pursuant to Pennsylvania Rule(s) of Civil Procedure §§ 1006 and 2179.

7.   Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8.   Plaintiff is a natural person residing in Philadelphia, PA. Some/all of the transactions comprising the alleged debt occurred in Chester County.

9.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The transactions comprising the alleged debt were for consumer related purchases, such as household hoods, food, clothing, etc.

10.  Defendant, NATIONWIDE CREDIT INC., is a company handling debt collection matters with headquarters located at 1000 Abernathy Rd.-Suite 200, ATLANTA, GA 30328.

11.  Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff, as the alleged debt in questions stems from the acquisition of personal goods and services, such as household items, clothing, groceries, etc.

12.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and

insurers.

## FACTUAL ALLEGATIONS

13. Throughout the past year, Defendant has contacted Plaintiff attempting to collect a debt that Defendant alleges originated with "JP MORGAN CHASE BANK, N.A.", in the amount of $4,807.67.

14. Plaintiff alleges and avers that Defendant caused Plaintiff's phone to ring and contacted Plaintiff at irregular times and places, and often times hung up before identifying itself, only to call right back, in violation of 15 U.S.C. §§ 1692c(a)(1) and d(5).

15. Plaintiff alleges and avers that there is no agreement between Plaintiff and JP MORGAN CHASE BANK, N.A. allowing for the collection of any account by a third-party, and Defendant thereby violated 15 U.S.C. §§§§§ e(2), (8), (10) and f(2) and (6).

16. Plaintiff alleges and avers that Defendant's professed right to veto the "settlement offer" is hopelessly confusing because no written agreement has been sent to Plaintiff, and Defendant thus misrepresented the character, source and nature of the alleged debt, in violation of §§§15 U.S.C. §1692e(2), (10) and f(1).

17. Plaintiff alleges and avers that Defendant failed to inform Plaintiff of his rights, in violation of 15 U.S.C. §§§§ 1692g, e(2), (5), and (10).

18. Plaintiff alleges and avers Defendant fails to inform Plaintiff of the credit reporting or tax assessment consequences of paying all or part of the alleged debt, and Defendant thereby violated of 15 U.S.C. §§§ 1692e(2), (5) and (10).

19. Plaintiff alleges and avers that despite Defendant has not timely updated Plaintiff's credit reports to reflect the fact of dispute, in violation of §§15 U.S.C. §1692e(8) and f(1).

20. Plaintiff alleges and avers that Defendant viewed nor possessed any credible documentary evidence of a written agreement between Plaintiff and JP MORGAN CHASE BANK, N.A. or any original account statements, showing accumulation of the alleged debt, yet sought to collect it anyway. Defendant thus violated of §§§15 U.S.C. §1692e(2), (5) and f(1).

21. Plaintiff alleges and avers that Defendant's threat to void the agreement if Plaintiff doesn't pay within 14 days is an attempt to force Plaintiff to waive his rights to dispute the alleged debt, and Defendant thereby violated 15 U.S.C. §§§§§1692g, e(2), (10), (5) and f(1).

22. Plaintiff alleges and avers that Defendant's claim that $4,807.67 is owed is bogus because this amount is largely comprised of illegal fees and interest (which Defendant has no right to collect) and Defendant thereby violated 15 U.S.C. §§§§1692 e(2), (5), (10) and f(1).

## COUNT I
## THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

23. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

 a. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

 b. Using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

 c. Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

 d. By acting in an otherwise deceptive, unfair and unconscionable

manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, DAMON MASSADO, respectfully prays for a judgment as follows:

    a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II
## THE PENNSYLVANIA UNFAIR TRADE PRACTICES ACT AND CONSUMER PROTECTION LAW ("UFTPL")

24.    Plaintiff hereby incorporates all facts and allegations specified in paragraphs above, by reference as if fully set forth at length.

25.    Plaintiff is a "Person" as defined by 73 P.S. § 201-2(2).

26.    Defendant is a "Person(s)" as defined by 73 P.S. § 201-2(2).

27.    The Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. § 201-2(4), defines "unfair or deceptive acts or practices" to include the following:

(a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(b) Causing likelihood of confusion or of misunderstanding as to

affiliation, connection or association with, or certification by, another;

 (c) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding;

 (d) Any violation of 73 Pa. Cons. Stat. Ann. § 2270.

 28. Plaintiff alleges and avers that Defendant violated the Act by misrepresenting that any debt was owed and further attempting to lure Plaintiff into extending the statute of limitations, and that Defendant's conduct complained of herein paragraphs amounts to violations of the Fair Credit Uniformity Extension Act, 73 Pa. C.S. § 2270, *et seq*, and is thus a concomitant violation of the Unfair Trade Practices Act.

 29. Plaintiff alleges and avers that Defendant violated the Act by misrepresenting that validity of the alleged debt, the identity of the actual creditors, if any, and the legitimacy of the alleged debt.

 30. Plaintiff further alleges and avers that Defendant's misleading reference to account and reference numbers,, misreporting of credit information and misrepresentations surrounding the alleged debt was done to confuse and deceive Plaintiff into thinking the debt was legitimate, and Defendant thereby violated the Act.

 31. The UTPCPL authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations, and/or $100.00 for statutory damages. Plaintiff avers entitlement to all actual and statutory damages, plus treble that amount, and attorney fees and costs, for Defendant's per se and statutory violations of Pennsylvania Law.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff hereby incorporates the preceding paragraphs by reference as through fully set forth.

33. Plaintiff alleges and avers that Defendant's conduct was extreme and outrageous, in that it maliciously employed intimidation and harassment, in the form of misleading and abusive collection tactics aimed at perpetually and unfairly and depriving Plaintiff of money and his rights to be free from harassment.

34. Plaintiff alleges and avers that Defendant's conduct was undertaken with the intent of causing, or with reckless disregard for the probability of causing, emotional distress to Plaintiff.

35. Plaintiff alleges and avers that as a direct an proximate result of Defendant's conduct, Plaintiff suffered severe and extreme emotional distress which includes, but is not limited to, harassment inflicted by Defendant's deliberate and vexatious collection efforts.

WHEREFORE, Plaintiff, DAMON MASSADO, respectfully prays for a judgment as follows:

a. All actual, punitive and compensatory damages suffered

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and any other relief deemed appropriate by this Honorable Court.

## COUNT IV
## INVASION OF PRIVACY
## (HEREAFTER "IOP")

36.  Defendant intentionally intruded upon Plaintiff's solitude, seclusion or private affairs and concerns. Defendant's intrusion would be highly offensive to a reasonable person and was unwarranted and unjustified.

37.  Specifically, Defendant filed suit against Plaintiff attempting to collect a bogus debt, misreporting credit information and trying to collect money which Defendant had no right to collect, the purpose of which was to further annoy and harass Plaintiff.

38.  Defendant invaded Plaintiff's privacy, with the purpose of harassing Plaintiff into paying a bogus debt. As a result, Plaintiff suffered injury as a proximate cause of such the intrusion.

## COUNT V
## DAMAGES

39.  Plaintiff respectfully requests the following damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff:

   a. All statutory, compensatory and economic damages;

   b. Mental anguish suffered by Plaintiff, for the past and future;

   c. All reasonable expenses incurred by Plaintiff, including court costs and all reasonable and necessary attorney fees; and

   d. Pre-judgment and post-judgment interest.

40.  Defendant's malicious conduct, when viewed from the

standpoint of the actor at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Furthermore, Defendant's conduct was willful, intentional and malicious. Defendant's conduct illustrates not only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendant's actual and subjective awareness of the dangers of such conduct.

41. Nevertheless, Defendant proceeded intentionally or with a conscious indifference to the rights, safety or welfare of others, including Plaintiff. Therefore, Defendant is liable for exemplary/punitive damages. As punishment for Defendant's actions and to deter such actions in the future, Plaintiff is requesting exemplary/punitive damages.

DAVIS CONSUMER LAW FIRM

By: Fred Davis-PA ID# 93907
Attorney for Plaintiff, DAMON MASSADO
2300 Computer Rd.-Ste G39
Willow Grove, Pa  19090
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

## VERIFICATION

Fred Davis, states that he is the attorney for the Plaintiff herein; that he is acquainted with the facts set forth in the foregoing Complaint; that same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.

DAVIS CONSUMER LAW FIRM

By: Fred Davis-PA ID# 93907
Attorney for Plaintiff, DAMON MASSADO
2300 Computer Rd.-Ste G39
Willow Grove, Pa 19090
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com